IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER M. HERSH, SR., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-3197 |
| | : | |
| D. EDWARD McFADDEN, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**RUFE, J.**                                                                                                          **February 18, 2021**

    Plaintiff Christopher M. Hersh, Sr., a pretrial detainee incarcerated at the Chester County Prison ("CCP"), brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, based on the conditions of his confinement. Hersh seeks leave to proceed on his claims *in forma pauperis*. For the following reasons, the Court will grant Hersh leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim. Hersh will be granted leave to file an amended complaint.

**I.    FACTUAL ALLEGATIONS[1]**

    Hersh's Complaint names the following Defendants, all of whom are sued in their official and individual capacities: (1) D. Edward McFadden, Warden of CCP; (2) George Roberts, identified as the Director of Treatment and Programs; and (3) Scott Reynolds, identified as a health services administrator associated with Prime Care. Hersh's claims are based upon the alleged failure of the staff at CCP to provide personal protective equipment ("PPE") to Hersh to protect him from COVID-19.

---

[1] The following allegations are taken from the Complaint (ECF No. 2) and exhibits attached to the Complaint.

1

Hersh alleges that he worked as a jailhouse law librarian at CCP from March 6, 2020 through April 8, 2020. (ECF No. 2 at 4.)² During that time, he was not provided with PPE. (*Id.* at 5.) He was exposed to and contracted the COVID-19. (*Id.*) As a result, he suffers from ongoing side effects of the infection including diarrhea, shortness of breath, headaches, body aches and chest pains. (*Id.*) Hersh filed grievances, which were denied. (*Id.* at 7.)

Hersh attaches several exhibits to his Complaint. These include a completed CCP Official Inmate Complaint Form (*id.* at 12-13), a memorandum from Defendant Reynolds to Defendant Roberts concerning Hersh's grievance and describing the treatment he received after testing positive for COVID-19 (*id.* at 14), a CCP Inmate Grievance Disposition from Defendant Roberts to Defendant McFadden denying Hersh's complaint that Prime Care Medical's response to the COVID-19 pandemic was inadequate (*id.* at 15-16), Hersh's appeal of the denial of that grievance (*id.* at 17-18), Hersh's grievance (*id.* at 19-21), a CCP Inmate Grievance Disposition from non-party Captain Sergi to Defendant McFadden denying Hersh's complaint that he and other prisoners' did not receive proper care and safety measures during the COVID-19 pandemic (id. at 22), Hersh's appeal of the denial of that grievance (id. at 23), a request for medical records submitted by Hersh (*id.* at 24), CCP procedures for obtaining medical records (*id.* at 25), CCP COVID-19 instructions for preventive care (*id.* at 26), information regarding COVID-19 (*id.* at 27), a timeline of the events outlined in the Complaint (*id.* at 28), and several inmate request forms apparently submitted by Hersh during the relevant period (*id.* at 29-37.)

In the instant proceeding, Hersh brings claims under the Fifth Amendment for deprivation of life, liberty and freedom, and the Eighth Amendment for cruel and unusual

---

² The Court adopts the pagination supplied by the CM/ECF docketing system.

punishment.  (*Id.* at 3.)  He seeks compensatory damages and such other relief as the Court deems necessary.  (*Id.* at 5.)  He also requests appointment of counsel.  (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant Hersh leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.³  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   Conclusory allegations do not suffice.  *Id.*  As Hersh is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Additionally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  For the following reasons, Hersh has failed to state a plausible § 1983 claim.

---

³ However, as Hersh is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

### A. Official Capacity Claims

Hersh alleges official capacity claims against Defendants McFadden and Roberts, who are alleged to be employees of CCP. (ECF No. 2 at 2.) Claims against City officials named in their official capacity are indistinguishable from claims against the City. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). That is because "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky*, 473 U.S. at 166. In other words, Hersh's official capacity claims are effectively claims against the municipal entity.

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff illustrates that a custom was the proximate cause of his injuries by demonstrating that the defendant "had knowledge of similar unlawful conduct in

the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

Alternatively, a plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 f.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

Hersh also alleges an official capacity claim against Defendant Reynolds, an employee of Prime Care Medical, Inc., which contracted to provide medical care at CCP. The United States Court of Appeals for the Third Circuit has held that "a private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'" *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (quoting *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)). Rather, in order to hold a private health care company like Prime Care Medical, Inc. liable for a constitutional violation under § 1983, Hersh must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Natale*, 318 F.3d 575, 583-84 (citing *Bd. of the Cty. Comm'rs of Bryan Cty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Philadelphia*, Civ. A. No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional

violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted).

Hersh's Complaint is devoid of any allegations connecting the alleged constitutional violations he suffered to any policy or custom, or to any failure to train, supervise or discipline. The Court will therefore dismiss Hersh's claims against the Defendants in their official capacities without prejudice. Hersh may amend his complaint to allege a policy or custom which caused the alleged constitutional violations.[4] Hersh's claims against the Defendants in their individual capacities are addressed below.

### B. Defendants' Personal Involvement

The gravamen of Hersh's Complaint is that he was not provided with PPE, but he does not identify any individual who failed to provide or refused to provide PPE. Further, the exhibits to his Complaint suggest that the individually named Defendants did not become involved in or aware of Hersh's complaints until after he had contracted COVID-19 and filed grievances. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Because Hersh does not allege the named Defendants participated in the conduct that forms the basis for his claim, he has not stated a plausible claim against them.

### C. Claims Based on Failure to Provide PPE

Hersh alleges that the failure to provide him with PPE amounted to a violation of his Fifth Amendment rights. However, Hersh cannot state a claim based on a violation of his Fifth

---

[4] For example, Hersh may allege that one of the named defendants is a policymaker possessing final authority and created a policy through an act or edict. *See Porter v. City of Philadelphia*, 975 F.3d 374, 383 (3d Cir. 2020) ("A pertinent decision by an official with decision-making authority on the subject constitutes official policy.").

Amendment rights because "the Fifth Amendment applies to actions of the federal government." *See B&G Constr. Co., Inc. v. Director, Office of Workers' Compensation Prog.*, 662 F.3d 233, 246 n.14 (3d Cir. 2011) (explaining difference between due process claims under the Fifth and Fourteenth Amendments). Because there are no allegations that any of the Defendants are federal actors, Hersh cannot state a plausible Fifth Amendment claim.

Several times in his Complaint and the exhibits thereto, Hersh refers to the negligence of CCP staff and guards in not providing him with PPE. (*See* ECF No. 2 at 5, 12, 13, 17, 18, 19, 20, 21, 23.) The United States Supreme Court has held that § 1983 claims may not be predicated on a state actor's mere negligence. *See Canton v. Harris,* 489 U.S. 378, 387 (1989) (holding that mere negligence in training cannot form basis of § 1983 liability); *Daniels v. Williams,* 474 U.S. 327, 328 (1986) (holding that official's mere negligence is not actionable under § 1983 because "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"). The negligent failure to provide PPE, therefore, cannot provide a basis for a plausible § 1983 claim.

Hersh also alleges that the failure to provide PPE constituted cruel and unusual punishment (ECF No. 2 at 3.) Pretrial detainees are protected from "punishment" by the Due Process Clause of the Fourteenth Amendment.[5] *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Unconstitutional punishment includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id*. A prison condition

---

[5] Hersh refers to the Eighth Amendment, which governs conditions of confinement claims pursued by convicted prisoners. His claim properly is governed by the Fourteenth Amendment.

"'amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" *Id.* (quoting *Rapier v. Harris*, 172 F.3d 999, 1005 (7th Cir. 1999). "In evaluating a pretrial detainee's claim of unconstitutional punishment, courts must examine the totality of the circumstances within the institution." *Id.*; *see also Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008).

Here, Hersh alleges only that he was not provided with PPE in the early days of the COVID-19 pandemic. He admits that he was eventually provided with a mask. (ECF No. 2 at 28.) He does not allege that the delay in providing PPE was accomplished with the intent to punish or otherwise harm him. Evaluating the totality of the circumstances existing at the time, as reflected particularly in Captain Sergi's description of CCP's response to the exigent circumstances created by the virus (see id. at 22), it cannot be said on the facts provided that Hersh has successfully alleged a plausible Fourteenth Amendment claim based on the denial of PPE in the early days of the COVID-19 pandemic. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief." (internal quotations omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). However, because the Court cannot determine with any certainty at this early stage that Hersh will not be able state a plausible claim, he will be granted leave to amend his Fourteenth Amendment claim.

**IV. CONCLUSION**

For the foregoing reasons, the Court grants Hersh's request for leave to proceed *in forma pauperis*. The Court will dismiss with prejudice Hersh's official capacity claims against these Defendants, his claim based on violation of his Fifth Amendment rights, and his claims based on the negligence of the Defendants, because amendment of those claims would be futile. Hersh will be granted leave to amend his Fourteenth Amendment claim. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An Order follows, which shall be docketed separately.